[Civ. No. 40965. First Dist., Div. Four. Sept. 7, 1977.]

In re WALTER M., a Minor.
JOSEPH J. BOTKA, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
WALTER M., Defendant and Appellant.

**COUNSEL**

Vincent E. Keyes, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Gloria F. DeHart and Douglass Garibaldi, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CHRISTIAN, J.**—Walter M. appeals from a judgment of wardship after the juvenile court found that he had committed murder (Pen. Code, § 187). The issue is presented whether a juvenile is entitled, as a matter of right, to an advisory jury. We hold that he is not.

Rodney Hampton, who was unarmed, was shot and killed by appellant in a confused fracas concerning the double-parking of an automobile in the Hunters Point area of San Francisco. The shooting was described at the jurisdictional hearing by three eyewitnesses. Appellant himself testified, admitting that he shot the victim. He claimed to have been acting in self-defense, but he admitted that the victim had been standing some distance away and that no weapon had been seen in the victim's possession.

Appellant contends, citing *People* v. *Superior Court (Carl W.)* (1975) 15 Cal.3d 271 [124 Cal.Rptr. 47, 539 P.2d 807], that it was an abuse of discretion for the court to withhold impaneling an advisory jury. In *Carl W.,* the California Supreme Court held that it was permissible for the juvenile court to impanel an advisory jury to aid at a jurisdictional hearing (citing Welf. & Inst. Code, § 680). But that was not a holding that a juvenile has a right to demand an advisory jury; on the contrary, the Supreme Court emphasized the discretionary nature of the power which it recognized in the juvenile court, and stated "We emphasize in closing that our determination today should not operate to render the use of an advisory jury commonplace in section 602 proceedings." (15 Cal.3d at p. 285.) ■ In the present case, the fact issues were simple and few. It was not an abuse of discretion to withhold impaneling an advisory jury.

■ Appellant contends that the jurisdictional finding is not supported by substantial evidence. That contention is entirely without merit. Even without the eyewitness testimony, appellant's own testimony admitted the intentional shooting of the victim and failed to make out a plausible theory of provocation or self-defense. The court's jurisdictional finding is thus well supported by the evidence (cf. *In re Roderick P.* (1972) 7 Cal.3d 801, 809 [103 Cal.Rptr. 425, 500 P.2d 1]).

Affirmed.

Caldecott, P. J., and Rattigan, J., concurred.